REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
You have submitted to us a copy of a proposed bill to amend the Nebraska Franchise Tax imposed on corporations, and have asked our opinion as to its constitutional validity. The obvious purpose of the bill is to correct the probable invalidity of the present law, in light of the January 24, 1983 decision of the United States Supreme Court inMemphis Bank Trust Company v. Garner, and, at the same time, to minimize the effect of that case on the state revenues.
Memphis Bank Trust Company held that a state tax which imposes a greater burden on the holders of federal securities than on the holders of similar state securities discriminated against the federal securities, and was forbidden by 31 U.S.C. § 742. In our Opinion No. 29, dated February 24, 1983, we reached the conclusion that our franchise tax on corporations apparently involved such discrimination.
Section 2(1)(a) of your proposed bill would eliminate this discrimination by subtracting from federal taxable income, for the purpose of the franchise tax, interest earned on obligations of the United States, its agencies and instrumentalities. This would, in our opinion, clearly eliminate the discrimination held to be impermissible byMemphis Bank Trust Company.
The attempt to minimize the revenue loss is found in Section 2(1)(b) of the bill. This subsection provides that there shall be added back to the federal taxable income 100 percent of the investment interest expense incurred by the taxpayer to purchase and maintain securities exempt from taxation.
Section 2(2) and (3) provide the method for determining the investment interest expense incurred to purchase and maintain securities exempt from taxation. We will not set these provisions forth in full, but briefly, the expense is determined by calculating the ratio of exempt securities to total assets of the corporation, and multiplying that ratio by the taxpayer's total annual interest expense. The resultant figure is then added back to the taxpayer's taxable income.
The rationale of the system seems to be supportable. If the taxpayer holds exempt securities, and at the same time has obligations upon which it pays interest, it seems reasonable to say that a proportionate share of those obligations were incurred or maintained to acquire or hold the exempt securities. Interest paid is ordinarily an expense, reducing taxable income. If that expense is incurred to hold exempt securities, which do not add to taxable income, it is reasonable to disallow the interest expense required to hold them. Since that interest expense has already been deducted, it is `disallowed' by adding it back in.
The Legislature has broad discretion in fashioning its tax laws, so long as unreasonable class legislation is not involved. As the court said in Anderson v. Tiemann,182 Neb. 393, 155 N.W.2d 322 (1967), the wisdom of legislative policies is a matter for legislation rather than judicial decision. We would be prepared to defend such a policy, if enacted by the Legislature.
It cannot be said to be discriminatory against federal securities, since the ratio is calculated using all exempt securities, not just federal securities.
We believe a couple of changes would clarify the bill, and perhaps avoid attacks based on lack of clarity or unreasonable classification. Section 2(3)(a) defines securities exempt from taxation as obligations specified in subdivision (1)(a) of Section 2 and `securities exempt from gross income under 26 U.S.C. § 103.'
We believe the quoted portion should read `securities the interest on which is excluded from gross income under26 U.S.C. § 103,' since the securities themselves, of course, could never be included in gross income.
Section 2(3)(b) of the proposed bill provides for calculation of the average annual investment in exempt securities and average total assets. It provides a normal method of calculating these amounts, and then provides `the average amounts may be determined based on interim balance sheets during the year if more frequent measurement can be shown by the Tax Commissioner or the taxpayer to more clearly reflect the investment in exempt securities.' We point out that the ratio to be determined is the ratio between exempt securities and total assets. It might be that the total assets, as well as exempt securities, might be more clearly reflected by more frequent measurement, but the bill does not provide for alternate determination to correct inaccuracies in the calculation of total assets. We believe a possible classification argument might be avoided by adding `or total assets' at the end of the sentence in question.
With these minor corrections, we believe the bill, if enacted, would be defensible.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General